

**ORDERED in the Southern District of Florida on February 02, 2010.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

STEVE SILVA

    Debtor
_____/

CASE NO. 09-29226-BKC-AJC
CHAPTER 11

## ORDER DENYING DEBTOR'S AMENDED MOTION TO VALUE AND BIFURCATE CREDITORS SECURED CLAIM

THIS MATTER came before the Court for hearing on December 29, 2009 upon the Debtor's *Amended Motion to Value and Bifurcate Creditors [sic] Secured Claim Pursuant to Section 506 of Title 11 of the United States Code* ("Motion to Strip Down Lien"), [D.E. 44] and Creditor's Response and Memorandum of Law in Opposition to Debtor's Motion to Strip Down Lien [D. E. 29].  The issue before the Court is whether the Creditor's claim is protected from modification by 11 U.S.C. §1123(b)(5) as the claim is secured by a first mortgage on the Debtor's principal residence.  After hearing the proffers, representations and arguments of counsel for the Debtor, Steve Silva

("Debtor") and counsel for the Creditor, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE (THE TRUSTEE) OF J.P. MORGAN ALTERNATIVE LOAN TRUST 2006-A5 ("Creditor"), and having reviewed the relevant documents related to these matters, the Court determines that the Creditor's mortgage is not subject to modification. Accordingly, pursuant to the anti-modification provisions of 11 U.S.C. §1123(b)(5), the Motion to Strip Down Lien is DENIED.

## Background

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1334(b) and 157(b). This is a core proceeding pursuant to 28 U.S.C. §157(b).

On June 23, 2006, the Debtor entered into a loan agreement with the Creditor, to finance the purchase of real property located at 2418 Seidenberg Ave, Key West, FL 33040 (the "Property"). Incident to the loan agreement, the Debtor executed a Mortgage and Note duly recorded in the Public Records for Monroe County, Florida. The Note provided for a principal balance of $495,000.00 to be repaid at 7.625% interest rate over 30 years, with a maturity date of July 1, 2036. The Mortgage pledges the Property as collateral for the loan.

On September 11, 2009, the Debtor commenced this proceeding by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code. It is undisputed that the Creditor's lien is the first mortgage on the Property and that the Property is and was the principal residence of the Debtor on the Petition Date.

On September 22, 2009, the Debtor filed the Motion to Strip Down Lien [D.E. 18], (later amended by D.E. 44), seeking to bifurcate the Creditor's claim on the Debtor's principal residence. The Debtor seeks an order of the Court reducing the Creditor's

secured claim to the market value of the Property, alleged to be $350,000, and determining that the remainder of the Creditor's claim be treated as an unsecured claim.

The Creditor objects to the proposed bifurcation of the claim and argues that its claim is subject to 11 U.S.C. §1123(b)(5) and is therefore protected from modification.

## Analysis

Prior to the 1994 amendment to the Bankruptcy Code, Chapter 11 debtors could strip a home mortgagee's lien down to the value of the collateral, *see*, Wade v. Bradford, 39 F.3d 1126 (10th Cir. 1994), while Chapter 13 debtors were prohibited from modifying the secured claim of home mortgage lenders. However, the Bankruptcy Reform Act of 1994 added section 1123(b)(5) to the Bankruptcy Code, providing in pertinent part that a plan may modify the rights of holders of secured claims, "other than a claim secured only by a security interest in real property that is the debtor's personal residence."

The legislative history indicates Congress' intent to extend the anti-modification provisions applicable to Chapter 13 plans under 11 U.S.C. §1322(b)(2) to proceedings under Chapter 11 in accordance with the Supreme Court's decision in Nobelman v. American Savings Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L. Ed. 2d 228 (1993). The purpose of 11 U.S.C. §1123(b)(5) was to equalize the treatment of residential mortgages in Chapters 11 and 13. H.R.E.P. No. 103-835, at 46 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3354.

The Debtor argues that there is an exception to the anti-modification provision in Chapter 13 cases contained in 11 U.S.C. §1322(c)(2) which provides "in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the principal residence is due before the date on which the

final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to §1325(a)(5) of this title."  The Debtor seeks to have the Court apply this "exception" to the Chapter 11 Debtor in the case at bar.  However, the Court declines to do so as there is no corresponding exception found under Chapter 11 of the Code.  In addition, any "exception" to the anti-modification provision set forth in 11 U.S.C. §1322(c)(2) is tempered by the restrictions of §1322(d) which provide that a Chapter 13 plan may not exceed 60 months.  The Bankruptcy Code contains no similar provisions/restrictions applicable to a Chapter 11 proceeding.

For the foregoing reasons, the Court finds that pursuant to 11 U.S.C. §1123(b)(5), the Creditor is protected from the modification of its claim on the Debtor's principal residence.  Therefore, it is

ORDERED AND ADJUDGED that the Debtor's *Amended Motion to Value and Bifurcate Creditors [sic] Secured Claim Pursuant to Section 506 of Title 11 of the United States Code* is DENIED..

###

Copies submitted to:

Chad Van Horn Esq.        (Via CM/ECF)
U. S. Trustee.            (Via CM/ECF)
Stacy Bressler Esq.       (Via CM/ECF)